UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 22-CR-365 (CJN) |
| ) | |
| BRIAN PATRICK MIGLIORE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Mr. Brian Migliore, through undersigned counsel, respectfully moves this Court to terminate his term of supervised release early, pursuant to 18 U.S.C. § 3583(e)(1). Counsel for the United States, Nihar Mohanty, does not oppose early termination of Mr. Migliore's supervision. His Probation Officer, Ewelina Zajkowski, also informed undersigned counsel that the U.S. Probation Office does not oppose the filing of this motion. For the reasons discussed below, termination of Mr. Migliore's supervised release term is warranted by his compliance and is in the interest of justice.

### BACKGROUND

On February 22, 2023, Mr. Migliore pled guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Narcotics, punishable by a term of imprisonment of not less than 5 years and no more than 40, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), (b)(1)(C) and 21 U.S.C. §§ 846. *See* Judgment, ECF No. 26. On June 1, 2023, he was sentenced to twelve (12) months' and one (1) day incarceration to be followed by sixty (24) months' supervised release. *Id*. Mr. Migliore was released from prison and began his two-year period of supervised release on September 22, 2023. Mr. Migliore has now served nearly eighteen (18) months of his supervised

1

release term. That is 75% of his 24-month term of supervised release, six months more than the minimum time required to request early termination of supervised release. His term is currently set to expire on September 21, 2025.

More than halfway through his term of supervised release, Mr. Migliore has consistently remained in compliance with all conditions of supervision. He has fulfilled all conditions imposed by the Court—Mr. Migliore paid his special assessment, completed more than the mandated thirty (30) hours of community service, and has undergone a substance abuse assessment concluding no further treatment was necessary. He has also held continuous employment since being released from prison. Mr. Migliore has not received programs or treatment through supervision and is not in jeopardy of forgoing any other benefit. He has been able to sustain a lifestyle on his own.

Mr. Migliore has spent time enhancing his gifts and talents by generating multiple streams of income through search engine optimization and contract work for more than a year. He helps companies become more popular and hence profitable by improving their online visibility and ratings. Mr. Migliore is so invested that he recently helped launch a marketing company, Clarity Clicks. It maintains a small clientele that they are seeking to expand. Furthermore, he works for a company specializing in decorative finishing, painting, and the like. Lastly, Mr. Migliore routinely assists as a set designer for financial support, often exceeding well above average full time hours amongst his commitments. In his spare time, Mr. Migliore occasionally volunteers at North Brooklyn Angels, a non-profit organization preparing meals for the homeless, to help promote a structured lifestyle for himself despite having completed his required community service hours.

## ARGUMENT

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), "terminate a term of supervised release and

discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

The parsimony provision of 18 U.S.C. § 3553 directs the court to impose "a sentence sufficient, but not greater than necessary" to comply with the sentencing goals stated in § 3553(a)(2). 18 U.S.C. § 3553(a). The statutory factors to consider are: the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct or protect the public from further crimes of the defendant, to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, the type of sentence, Sentencing Commission policy statements, avoiding unwarranted sentence disparities, and the need to provide restitution to any victims of the offense. Further, Mr. Migliore demonstrated not only his remorse for his actions, but his dedication to reforming his life prior to being released. He opted for pretrial detention despite the probability of release considering the offense and lack of criminal history.

The Guide to Judiciary Policy instructs officers to "consider the suitability of early termination for offenders as soon as they are statutorily eligible." *Guide to Judiciary Policy*, Vol. 8, Part E § 380.10(b) (Monograph 109 (rev'd 2010)). After 18 months of supervised release assessments, there is a presumption in favor of individuals on supervised release who are not career violent offenders, present no identified risk to the public or victims, and are free from any moderate or high severity violations. *See id.* at § 380.10(e)(1). While Mr. Migliore would have been statutorily eligible after completing one year of supervision, he is steadily approaching his eighteen (18) month mark of his twenty-four (24) month sentence.

There is no requirement that an individual seeking early termination must exhibit "exceptional behavior" to qualify for early termination of supervised release. *U.S. v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022); *accord U.S. v. Melvin*, 978 F.3d 49, 53 (3rd Cir. 2020). Nor does the statutory text of 18 U.S.C. § 3583(e) put forth "a legal standard that categorically requires a petitioner to demonstrate undue hardship." *U.S. v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Still, Mr. Migliore has worked tirelessly to rebuild his life while residing amidst the high demands of New York and ultimately to return to his family living abroad.

Probationary policy supports Mr. Migliore's petition for early termination of supervised release. Results from a Federal Judiciary study "suggest that offenders granted early termination under the current policies pose no greater danger to the community than offenders who serve a full term of supervision." Laura M. Barger & James L. Johnson, "Early Termination of Supervised Release: No Compromise to Community Safety, *Federal Probation*, 17, 20 (2013). Additionally, the study found that the attributable cost avoidance of granting early termination is significant. *See id.* at 21.

## CONCLUSION

For the foregoing reasons, and for any other reasons that this Court may deem just and proper, the Court should grant this motion, terminate Mr. Migliore's term of supervised release, and discharge him, pursuant to § 3583(e)(1).

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Michelle Peterson
Chief Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
Shelli_Peterson@fd.org